Dissenting opinion issued ___ 2010












Dissenting opinion issued September
23, 2010.



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01‑08‑00345‑CV

———————————

IN RE V.V.,
a minor child



 



 

On Appeal from the 313th District
Court

Harris County, Texas

Trial Court Cause No. 2006‑10410J



 



 

DISSENTING OPINION

 

          The en banc
majority reviews the father’s legal sufficiency challenge to the trial court’s
finding on endangerment before discussing his ineffective assistance of counsel
complaint.  Because of the procedural
posture of this case, we may not review a sufficiency challenge to the
endangerment finding outside of our review of the father’s ineffective
assistance of counsel issue.  I agree
with much of Justice Jennings’s reasoning and analysis, and approve of his
disposition, but it ought to be reached solely via review and grant of the
father’s first issue.

The Family Code[1]
“bars an appellate court from considering any issue not presented to the trial
court in a timely filed statement of points.” 
See In re J.O.A., 283 S.W.3d
336, 341 (Tex. 2009).  Here, the court
below found the father to have “engaged in conduct or knowingly placed the
child with persons who engaged in conduct which endangers pursuant to § 161.001(1)(E) of the Texas Family Code.”[2]   Nevertheless, no separate and discrete
challenge to the legal sufficiency of this endangerment finding was included in
the father’s statement of points.[3]


In re J.O.A., however, provides a limited exception to section 263.405(i), permitting
appellate review of a claim for ineffective assistance of counsel not raised in the statement of points,
when the claim involves due process concerns—in that case, the deprivation of
the parents’ right to challenge the sufficiency of the evidence.  Id. at
343.  Here, the father has raised such a
claim—alleging that his trial counsel’s failure to raise a sufficiency
challenge to the court’s endangerment finding in the statement of appellate points
constituted ineffective assistance because it denied the father the right to
challenge this finding.  Review of the
father’s complaint regarding the deprivation of his right to effective
assistance of counsel based on his counsel’s failure to preserve a sufficiency
challenge to the endangerment finding is therefore proper.

We
may not, however, reach a sufficiency challenge on appeal that has not been
raised in a statement of points as an independent issue.  In re J.O.A.
does not hold that, once trial counsel is shown to have rendered
ineffective assistance, the appellate court may then consider any issues raised
on appeal regardless of whether they were raised in the statement of
points.  Nor did In re J.O.A. decide any sufficiency complaints as distinct issues
from the ineffective assistance of counsel claim.  Rather, In
re J.O.A. simply held that an appellate court may consider a complaint of
ineffective assistance of counsel, even when not raised in the statement of
points, when the complained-of ineffective assistance was the failure to preserve a sufficiency complaint for appellate
review, because such failure rose to the level of a due process violation.  Id. at
343, 347.  

The
In re J.O.A. court analyzed the
viability of the sufficiency complaints to determine whether the parents met
their burden to show prejudice from their counsel’s failure to include a
sufficiency complaint in the statement of points.  It did not review the parents’ separate
complaints of legal or factual sufficiency, nor did it authorize direct
appellate review of such sufficiency challenges in termination cases when not
raised in the statement of points.  

Some
courts of appeals have construed an initial summary sentence in In re J.O.A.—in which the supreme court
states that it “agree[s] with the court of appeals that section 263.405(i) is
unconstitutional as applied when it precludes a parent from raising a
meritorious complaint about the insufficiency of the evidence supporting the
termination order”—as permitting direct appellate review of any complaint of
legal or factual sufficiency raised on appeal in a termination case, even if the
complaint is not raised in the statement of points.  See,
e.g., In re E.H., No. 02-09-134-CV, 2010 WL 520774, at *2, n. 3 (Tex
App.—Fort Worth February 11, 2010, no pet.) (mem. op.) (quoting In re J.O.A., 283 S.W.3d at 339); also In
re G.K., No. 09-08-00506-CV, 2009 WL 2616926, at *2 (Tex App.—Beaumont
August 27, 2009, no pet.) (mem. op.) (same). 


Despite
the rather broad language, such an interpretation is not justified in the
context of the facts, procedural posture, and actual analysis and holding of In re J.O.A .  Our sister court in In re A.B., discussed this matter in detail and noted this
language, but rejected a suggestion that “J.O.A.
eliminates the need to comply with 263.405” as to any complaints regarding
the sufficiency of the evidence.  In re A.B., No. 10-09-00137-CV, 2009 WL
3487790, at *1 (Tex. App.—Waco October 28, 2009, no pet.) (mem. op.).  Rather, it explained, In re J.O.A. is an
ineffective assistance of counsel case holding only that an ineffective
assistance of counsel claim may be raised when there is a failure to file a
statement of points by trial counsel which precludes the appellate court from
considering a meritorious claim regarding insufficiency of the evidence.  Id.
at *2.  The Waco court, after determining
that trial counsel was not ineffective, held that any sufficiency complaint had
to be set forth in a statement of points in order to be reviewed on
appeal.  Id. at *5.   Because the appellant did not list his sole
issue on appeal—a challenge to the legal sufficiency of the evidence—in a
statement of points, the Waco court held that nothing was presented for its
review.  Id.

This
Court has likewise has not construed In
re J.O.A. to do away with the requirement under section 263.405(i) that
sufficiency complaints must be listed in a statement of points in order to be
reviewable on appeal, but has instead read In
re J.O.A. as providing an exception permitting the raising of an ineffective assistance of counsel issue
even though that complaint was not included in a statement of points.  See
Hyatt v. Dep’t of Family and Protective Servs., No. 01-09-00159-CV, 2009 WL
3400992, at *2, and n. 5 (Tex. App.—Houston [1st Dist.] October 22, 2009, no
pet.)  (mem. op.).[4]
 The
Texas Supreme Court has very recently described its holding in J.O.A. consistently with our
interpretation, discussing the procedural facts in J.O.A., and then stating

We held that by precluding
the parent from complaining on appeal of ineffective assistance of counsel in
those circumstances, section 263.405(i) violated due process.  We further held, based on a full record, that
the parent had been denied effective assistance because his appellate issue,
insufficiency of the evidence, would have required reversal had it been
included in a timely filed statement of appellate points.

 

In re B.G., No.
07-0960, 2010 WL 2636050, at *3 (Tex. July 2, 2010) (footnotes omitted).

Until
the present case, our Court has never reviewed an independent complaint of
legal insufficiency of the evidence in a termination appeal governed by section
263.405(i) when such an issue was not raised in the statement of points. 

As noted by Justice Keyes in her concurring opinion, the
Texas Supreme Court has explained how an appellate court should conduct a
review for prejudice in an ineffective assistance of counsel complaint alleging
the failure to preserve a sufficiency complaint for appellate review, stating

[t]he appellate court will conduct such a review to
determine harm as if . . . sufficiency had been preserved, under our
established . . . sufficiency standard in parental-termination cases,
understanding that the evidentiary burden in such cases is “clear and
convincing.”    

 

In re M.S., 115 S.W.3d 534, 550 (Tex. 2003) (reviewing complaint
of ineffective assistance of counsel for failing to preserve complaint of
factual sufficiency for appellate review).  In other words, to determine whether an
appellant is harmed by his counsel’s failure to preserve a sufficiency
complaint, an appellate court reviews the sufficiency of the evidence under the
normal sufficiency standards.  Such a
review mirrors the direct review of a sufficiency issue, but is not actually an
independent review of a sufficiency challenge as a discrete issue.

          And
this is what the Supreme court did in J.O.A.  It did not directly review an independent
sufficiency issue not raised in the statement of points, nor did it expand the
appellate courts’ authority to directly review sufficiency complaints not
raised in the statements of points. 
Rather, it reviewed the sufficiency of the evidence as part of its
analysis of the prejudice prong of the ineffective assistance of counsel
claim.  See In re J.O.A., 283 S.W.3d at 344.   

 Accordingly, while I
agree with Justice Keyes’s characterization of the sufficiency of the evidence
to support the termination as the “linchpin,” as to the endangerment finding, I
agree only to the extent that it pertains to a showing of prejudice from the
trial counsel’s failure to preserve a sufficiency complaint on appeal as to
that finding.  I certainly do not believe
that we may reach and decide a legal sufficiency complaint not raised in the
statement of points independent of a review of an ineffective assistance of
counsel claim for not preserving such a complaint, as does the en banc majority
opinion.  Along with Justice Jennings, I
believe the evidence to be legally insufficient, but, because it was not listed
in the statement of points, we may not reach the legal sufficiency issue
independently on appeal.  I would neither
review that issue nor grant relief on it. 
In re M.S. dictates the proper
review to be conducted; accordingly, I would review the father’s ineffective
assistance complaint, hold that he has shown that he was prejudiced by his
counsel’s failure to include a legal sufficiency challenge on endangerment in
the statement of appellate points because the evidence was legally insufficient
to support the trial court’s finding on endangerment, and then grant relief as
to that issue.  

As explained by the court in In re M.S., if the appellate court “finds that the evidence to
support termination was factually insufficient” and counsel’s “failure to
preserve a factually sufficient complaint was unjustified and fell below being
objectively reasonable, then it must hold that counsel’s failure to preserve
the factual sufficiency complaint . . . constituted ineffective assistance of
counsel” and should “reverse the trial court’s judgment, and remand the case
for a new trial.” In re M.S., 155
S.W.3d at 550.  The Supreme court’s
remedy for ineffective assistance of counsel for failing to preserve a
meritorious complaint of factual sufficiency for appellate review was thus the
same as if it had reached and reviewed a complaint on appeal of factual
insufficiency of the evidence. 

  Here, trial counsel
failed to file a statement of appellate points that would have allowed us to
reach a meritorious legal sufficiency
complaint, a complaint which, had we been able to reach on appeal, would have
resulted in a rendition in favor of the father. 
Accordingly, although there is no direct authority governing the remedy
for such ineffective assistance of counsel in the context of parental rights
termination cases, surely the proper remedy is the same as the father would have
received had a legal sufficiency issue been raised in the statement of points
and we had been able to review it on appeal—a reversal of the judgment and
rendition in favor of the appellant.  Cf. id.; In re D.J.J., 178 S.W.3d 424, 432 (Tex. App.—Fort Worth 2005, no
pet.) (applying remedy that would be applicable if counsel had properly
preserved legal sufficiency claim in manner complained of by appellant); see also In re B.G., 2010 WL 2636050 at
*5 (holding that when denial of due process caused appellant’s issues not to be
reached on appeal because of late-filed statement of points, remedy was for court
of appeals to consider issues raised in statement of points as if it had been
timely filed).

Accordingly, I would grant the father’s ineffective
assistance of counsel issue, reverse the portion of the judgment terminating
the father’s rights, and render judgment that his parental rights are not
terminated.   

  

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Justice
Bland, joined by Chief Justice Radack, and by Justices Alcala, Hanks, and
Massengale, for the en banc court.

Justice
Jennings, dissenting, joined by Justice Higley.

Justice
Keyes, concurring in part and dissenting in part.

Justice
Sharp, dissenting.

Justice
Massengale, concurring, joined by Justices Alcala and Hanks.











[1]
              Tex. Fam. Code Ann. § 263.405(i) (Vernon 2008).

 





[2]               Id. §
161.001(1)(E) (Vernon Supp.
2010) (providing that court may order termination of parent-child relationship
if court finds by clear and convincing evidence that parent has “engaged in
conduct or knowingly placed the child with persons who engage in conduct which
endangers the physical or emotional well-being of the child[.]”).

 





[3]               In the statement of points, trial counsel raised a
single sufficiency point, asserting that there “is no evidence to support the
court’s finding that termination of the Respondent’s parental rights is in the
best interest of the child.”  This point
is not sufficiently specific to preserve the father’s contentions on appeal
that the evidence is legally and factually insufficient to support the trial
court’s finding that he violated family code section 161.001(1)(E). See Tex.
Fam. Code Ann. § 263.405(i) (requiring
that issues be “specifically presented” in statement of points); In re J.J.R., 302 S.W.3d 436, 443–44
(Tex. App.—Houston [14th Dist.] 2009, pet. denied) (holding that points that
stated that there was “no evidence to support the ruling,” and there was
“factually . . . [and] legally 
insufficient evidence to support the ruling on both grounds for
termination and on best interest,” were not sufficiently specific to preserve
challenge to sufficiency of evidence to support finding of violations of
specific provisions of family code, although it did preserve challenge to
sufficiency of evidence as to court’s “best interest” finding).





[4]               The Fourteenth Court has
held likewise applied In re J.O.A.  See In
re C.W. Jr., No. 14-09-00306-CV, 2009 WL 4694946, at *2 (Tex. App.—Houston
[14th Dist.], December 10, 2009, no pet.) (mem. op.) (holding that reviewing
court could not consider complaints that evidence was legally and factually
insufficient to support termination because there was no timely statement of
points raising such issues, but reviewing ineffective assistance of counsel
complaint not raised in statement of points because of holding in In re J.O.A.).